2-17-0445, the people of the state of Illinois plaintiff appellant, v. Cynthia Wortham, defendant at the lead. Attorney on behalf of the defendant appellant, Ms. Stephanie H. Lee. Attorney on behalf of the defendant at the lead, Ms. Sherry R. Sullivan. Thank you. Ms. Lee. Good morning, members. May it please the court, counsel. Stephanie Lee on behalf of the state. We are here asking this court to reverse the orders of the trial court from May 18, 2017, which is Judge Dalton's order, and also May 25, 2017, which is Judge Abramson's order. We at issue is Judge Dalton's order that essentially decided that the order that was entered in December of 2013 was void because of lack of personal jurisdiction. The state disagrees with that assessment. So when you look at the, it was a stalking no contact order, so it all came under that. May I interrupt and ask you, as I understand it, you're not arguing that it's merely voidable. You're arguing that it's a valid order. Yes, I believe it was a valid order. Otherwise, it was possibly voidable. It certainly wasn't void. She was served with a notice of hearing before that other order had even lapsed. To accept your argument, wouldn't we be reading something into the law that's not there? I disagree. The legislature could have provided for a tolling of a plenary order upon notice of the filing of a motion to extent, correct? Correct, but actually what the section 105 says is that the order can only be effective for two years, which means at the end of that two year period, it doesn't just disappear. It would actually be not in effect, but there was a pending motion to extend it. I do think it would be very different if we were asking for a violation within that period of the lapse, but we were not. She was served with the notice of the hearing, which is according to section 65. You're supposed to have notice of hearing by motion or petition or a motion, which this was a motion in accordance with rule 11. At that time, Ms. Wortham had actually filed a full personal appearance and was served with that notice. There was a pending hearing. So if you look at section 60, it says any action requires a new summons. This wasn't a new action. This was on the same case? Yes, the OP, the 11 OP 844 case in which Ms. Wortham had filed a full appearance back in November of 2011. Not only that, she actually got served with the motion, which would have been proper under rule 11 at that time. She had a full appearance in the case. Served by mail? She was served by mail, which would have been under section 65. It says petitions or motions of a new process shall be served in accordance with rule 11. And this was, if it was by mail, she had filed a full appearance. The case was still an open case. My argument initially is that it was the same action, even though if the order itself had not been in effect anymore, you still had this pending hearing date. So the case was not closed. Could we narrow it down to either lack of personal jurisdiction or lack of subject matter? Nobody has contested that the judge had subject matter jurisdiction. That was conceded, and I don't believe anybody has challenged that. What we have an issue of is the personal aspect of jurisdiction, which can be waived. She had filed an appearance. Not only that, once the order was entered for this hearing that she didn't show up in a case that she had filed a personal appearance in, she was personally served with that order as well. That's the previous one. No, she was personally served. I apologize. She was personally served with the order that was entered December 5th. That order, she was personally served. December 5th of 2013. I'm sorry, what? December 5th of 2013. That order, yes. She was personally served. Which is four days after the original order would have expired. According to your theory, but because there was a notice provided, the order continued. Well, actually, the order was, according to the statute, no longer effective. According to the order, it does say it expires. But on the other hand, the statute actually just says it can only be effective for two years. Well, the order that we're speaking of reminded or gave notice to the petitioner that the order can be extended upon notice filed on the offices of this court and a hearing held prior to the expiration of this order, correct? The order itself did say that. My recollection is that in defendant's brief, she concedes that just that admonishment on the order itself would not have been sufficient to be the law. The law is going to be based on what the case law and the statute say. So, although that did say that, we also, at that point in time, you also have to remember that Ms. Webb was a pro se victim in this case. And so I think also she's doing the best that she can do. She filed this notice within the time she got it served properly. They told her, come to court on this day, and she did. Is there anything in the statute that provides for tolling? There's nothing in the statute that provides either way. With regard to probation orders, there is a specific provision for tolling. If there's a petition filed, the notice is sent to the defendant. The period of probation tolls, even where it would have otherwise expired, we don't have that here, do we? Not in the statute. The thing is, though, if the tolling would matter if we were charging her with a violation in that period of the lapse. We're not. We're charging her with a violation of the order that was entered after that, but it was entered in the same case, the same action. And that's why it was a valid order, because the case was still an open case. Well, absent a tolling during that period between December 1 and December 5, absent a tolling, how does the child court have jurisdiction? Absent a tolling provision in the statute, because this is a statutory remedy, absent a tolling provision in the statute itself, like we have in probation cases and criminal cases, how does the child court retain jurisdiction when the order has expired? Because there was a pending motion for a hearing that was filed before that time. And, in fact, it says in 65 that hearings, notice of the hearings shall be in accordance with Rule 11, which it was. So they had a pending hearing date if the case did not close. And, in fact, I mean, case, we all know court dates can be extended for many reasons. The court might have not been present on the date the hearing was filed or any number of reasons. But there was a valid pending motion at that time. Would you agree that the argument between you and the opposing party is the significance of the filing of the motion, and as to whether or not it extends the jurisdiction of the court to hear whatever is going to occur sometime in the future, vis-a-vis whether or not the order that was entered earlier, the order of protection that was entered earlier, lives on because of the filing of the motion or whether it expires under its own terms on the four or five days or whatever after the fact? Well, I think that the court did have jurisdiction because of the pending motion, absolutely. But I also think if you look at – But the statute doesn't say a pending motion tolls the running of the order, does it? No. But probation – here's what the probation – I look at analogous statutes. The probation statute, 730 ILCS 5-5-6-4A, states personal service or issuance of a warrant, summons, or notice shall toll the period of probation. But we don't have any such language in the statute, correct? Correct. You're asking us to read that – to read the statute that way? No, because I'm not asking – I'm not asking for that order to have been told. I'm asking for the court to find that there was jurisdiction when a motion was served for a hearing and a hearing date was set, and it was served on a party who's filed a personal appearance, that they have an obligation to appear in that case. And then many things could have happened on that hearing date. She was not there, but she had notice at a time when she had a full personal appearance and had appeared in the action at issue. Does the fact that both the defendant and the petitioner were both – or respondent and petitioner were both on notice that the order would expire December 1, 2013, according to the order, correct? The order – yes, the order stated that. I don't – again, I think that would matter if the facts were different and what we were charging was a violation in that interim period. But if you look at the Lutz case, the Lutz case said – and that's the only precedential published decision – that you could have what they called a de minimis, I guess, lapse. Because it expired the same day. Same day, but there was a specific time on the order. That was like four hours, though, right? Correct, but the hearing took place after the expiration. I mean, where is this imaginary continuum that says it could be five hours, but it can't be three days? I understand at a certain point the local rules are going to make the motion that she served invalid because you have to call a motion for hearing within a certain period of time. But this motion was pending for sure, and the defendant had been served with that motion and chose not to show up. This was a motion to continue the order of protection, correct? Correct. And am I correct in that it did not contain a petition stating new facts that have occurred? I don't specifically recall. I thought that it did, in fact, have some allegations, but I honestly don't remember specifically if the petition itself alleged new facts. I know, I mean, obviously the violation, which she was charged with, criminally alleged facts, and there were facts underlying that violation, which was a year and a half after she had been served with the second plenary order. But also, if you look at Section 100, it says that a plenary order shall issue if the petitioner has served notice of the hearing in accordance with Section 65, which is the one that says it would be in accordance with Rule 11, and that you satisfy the section, which includes jurisdiction under Section 50, which is she's a state resident, so that brings you in the personal jurisdiction under Section 50, and then that the person had filed a general appearance or they were served with process. So she had filed a general appearance, and she was a state resident. We have the jurisdiction there over that motion that had been filed and served on her. Well, just like a period of probation, if once the period of probation expires, it's very similar to the default probation is gone, correct? Correct. And there's a specific provision you just talked about in Section 65. What about Section 105, duration and extension of orders? Is there any provision in 105 for tolling? It just says that the plenary order shall be effective for two years, which doesn't say actually the word expires, which I think is different anyway. Is there anything in 105 that provides for tolling upon notice of motion? No, but the whole statutory scheme plays into itself. The statutory scheme does contemplate that an order can be extended. Correct. Okay. It never uses the word toll anywhere in the statute, no. But it does actually say that a plenary order shall issue if these criteria are met. We generally know what tolling means with respect to statute of limitations, periods of probation, different issues. But generally, those provisions for tolling are provided in the statute. Right. And I agree. The problem is under Section 60, it says any action requires a separate summons. This was really not a new action because there was a motion for the additional order, whatever you want to call it. I agree the tolling would be important if we were charging a violation in that interim period, but we are not. Why would that, if the order is still in effect? I don't think that the order was in effect, but I don't think it just disappeared and shut the case because there was a pending motion. If there was an order of protection and it was going to expire in six months, and the state or the pro se, the private party filed an additional petition and asked that not only this particular defendant, but some other person should be ordered not to interact with the petitioner, or if the release sought related to further protections and limitations upon the actions of the respondent, would that be a new action or would it be the same action? The reason that those facts would differ is that the six-month interim period where there was no pending motion, that case file got closed. The appearance wouldn't really be in effect. We had a pending motion served before the case file, the case action was still open. And there was a pending hearing date. So when you're in, you know, the hypothetical you just gave, there wouldn't have been a pending hearing date. Has nobody had any further questions? Thank you. Okay. Thank you. There will be an opportunity to make the follow-up. Ms. Silver. Good morning, Your Honors. Good morning. Good morning, Your Honors. Counsel may please report. I am Sherri Silver, and I represent Cynthia Wortham for the appellate defender. At the risk of oversimplifying and quoting Judge Dalton, you can't extend something which doesn't exist. And that is exactly what happened. Yes, there was a motion that was filed on November 26th of 2013, seeking to extend the plenary order that was entered on December 1st of 2011. Fine. That's fine and dandy. The problem is the plenary order expired. It was no longer in effect as of, because December 1st was a Sunday, it was no longer in effect as of December 2nd of 2013. Well, could you extend its non-existence? That's a good question. I would think no. It does not extend. And my point is that even though that motion is pending, it would come into court on December 5th, which is the date that the hearing was called, and the judge would say, sorry, this doesn't exist anymore. Your motion to extend is denied. What was entered on December 5th of 2013 was a new action. It was not the same action. And for that order of December 5th, there had to have been proper service to obtain personal jurisdiction. A new summons. A new summons. Correct, Your Honor. Yes. That's exactly right. So you disagree with Ms. Lee's statement that the filing of the motion stained or tolled the expiration of the order? I absolutely disagree with it. There's nothing in the statutes dealing with the plenary orders that allows for a tolling. What about in case law? Is there anything? There's nothing. The only thing that could be looked at is Lutz extending it for four hours. And even at that, I would have a question. If there's nothing in the statute that allows for tolling, what allowed them to toll it for four hours? So in that respect, Lutz could be looked at as an incorrect decision, although there are provisions in the statute that allow for continuing a case over to the end of business the following day if a plenary order is going to expire on a court holiday or a weekend. You could probably argue, you know, maybe that could be extended for those minimal times. But extending it four days? No. There is nothing in the statute that allows for that. And Justice Burke is absolutely correct. The probation statutes are completely different. 564 does have the language that allows for the tolling. There's nothing in the plenary statutes that allows for that. Well, if the notice of motion was filed during the life of the order and the order that was entered that was still alive had jurisdiction of the defendant to the extent that the defendant was served properly in the first action, why would the new action, since the motion was filed, while the defendant was still subject to the jurisdiction of the court, even though that jurisdiction may have expired as to that particular order, why, when the notice of motion was sent out, why wouldn't that suffice and not require a Section 60 service of summons? Because we have a new action. The plenary order for which that notice was filed and mailed to Cynthia Wortham, we're not denying that didn't happen. She mailed it within the time period, within a very short end of that time period. The problem is that plenary order, to use your term of life, that plenary order died. It is no longer in effect. Let me ask you, on the common law record, page 58, there's an order, Stalking No Contact Status Order, which apparently was entered by Judge Dalton, that says responding not appearing by 930 after a full hearing with petitioner, the court grants a motion to extend a plenary order of protection, and it says granted on 12-5-13. Where did that date come from? Because it was actually 12-1-13, correct? Right, and Judge Dalton is the one who ultimately came to the conclusion, based on Kim Bilbrey, the public defender, based on her motion for clarification. I don't mean to criticize Judge Dalton, but he was pretty nasty to the prosecutor going through this, and I think maybe perhaps because he realized that an error had been made. That order was not in effect. The order that was granted on December 5-13 was a new order. It should not have been. There was no jurisdiction. That little box on the plenary order marked service of process, it wasn't. Everything was wrong about that order. The service of process was wrong. There's no personal jurisdiction under, I'm not going to begin to try and pronounce the first name of the case, but Koga is the second name. Under that, no personal jurisdiction, you've got no order. It's all void. So that any criminal charges that came up in October of 2015, they're based on a nullity. They're based on nothing. So those had to be dismissed as well. Unless there are any other questions. Do you see any comparison or parallel between this and 2-14-01? They raised 2-14-01. The state raised that in the lower court as to the motion should have been raised under 2-14-01 as a question, because more than two years had expired. But this is a void judgment that we're talking about in that context. No, I'm not referring in that regard. I'm referring to the situation where 2-14-01, which is a separate collateral proceeding, is instituted. There are notice provisions provided, and that's how notice is obtained. And in that instance, I think it would be reasonable to conclude that the notice provisions for obtaining jurisdiction over the parties or the opposing party under 2-14-01 is easier or less burdensome on the Petitioner than Rule 60 and the requirement of service of summons. Do you see the analogy or not? I don't see the analogy. I think 2-14-01, those provisions keep in mind the fact that many of the people who are filing 2-14-01s are indigent defendants who are incarcerated, especially in cases that we handle, for instance. I know it's applicable in other civil cases, but for us, for our purposes, our guys are not going to be able to obtain service by a sheriff. You're smiling. That's not good. You still haven't come aboard and shown me your ticket. The point is, is under 2-14-01, there is a set procedure to put before the court and bring the other party before the court, and I believe it's registered manual and so on. It's not service. Right. And so the point is, is that that's the process that you do. Right. It's a new proceeding. It's a collateral proceeding. That's the process by which jurisdiction over the person is obtained. Correct. In this instance, Section 60 is the process by which jurisdiction is obtained. The only difference between those two things are several things. One is the nature of relief that you're seeking and the type of service that's affected in order to obtain personal jurisdiction over the parties. But in both instances, it's a statute that tells you how to procure subject matter by filing in personal jurisdiction by either mailing or service in person. Correct. So is there any comparison between a 14-01 and an order of protection when it comes to the fact that there is a statutory provision that provides for a form of service which does not appear to have taken place at the time the court was to entertain the new action or new petition if that is what it was determined to be? Well, I think that your proposition to the question here answers the question. The statute says it all. Section 60 says that service has to have been because this is a new action, and that's the premise that we all have to agree on, that the order entered on December 5th of 2013 is a new action. The service for the motion on the plenary order that was entered on December 1st, that service was fine. That could have been by mail, and that was fine. We're not arguing that. But the fact is that that plenary order died. It was not in existence as of December 6th. As per statute, Section 60, Ms. Webb had to obtain personal jurisdiction service over Ms. Wortham by service by the sheriff. So to that extent, I think your question answers the question. Any other questions? No. Thank you. Ms. Lee, you may proceed. Thank you. Justice Burkett, you had asked where the December 5th of 2013 date came from, and what that came from was the notice of the hearing that had been served at the time when we all agreed this other order was still in effect, which was November 26th of 2013. And it set a hearing date for December 5th of 2013. Again, Defendant Wortham did not show up for that. And then she was actually, you know, they served her personally with the order that was entered. That was personal service with the order that was entered as a result of that hearing. And, yes, if she had come forward and said, this is invalid, this isn't fair, whatever she wanted to say, it wouldn't have given a chance to correct it had there been a problem. By slumbering on her right, she's not entitled to release. That's basically your argument. Well, and I think that's the McFadden case. I'm sorry. Yes, and I think that's the McFadden case, I mean, which was that the underlying felony was determined to be invalid, and yet they still said, but at the time that you had that weapon, you were a felon. She was under this order. And I do think when you're served with an order by the sheriff, you don't get to just ignore that order. If you think there's something wrong with that order, you do have an obligation to come forward. Some of the other cases, like I think the Kohik case that was mentioned, the person was not served before they were defaulted, and then they came in and immediately objected to jurisdiction. We don't have that here. She not only didn't show up, I mean, certainly on November 26th, she was a party in this action. She was served with a notice to come in and didn't do it. And if you look at, again, Section 100, it says that the plenary order shall issue if they've been served with the notice of the hearing in accordance with 65, which provides for service under Rule 11, which allows mail, and if there's jurisdiction under 50, which would require her to be a state resident, which she is, and the person has either had a general appearance or process served. So she actually had a general appearance on November 26th when she was told to come back for this hearing, and she ignored that. And then she actually ignored service of a personal order. And, again, you also do have this pro se victim who's relying on an order that we're now essentially telling Ms. Wortham, who knows she's under an order, to just ignore it. Was the motion seeking relief filed with the notice of the motion? Yes. I'm sorry. There is a case out there where a notice of motion without the attached motion doesn't stop or say anything. Yes, and the motion in this case was, in fact, served on her. And, again, she also got served with the actual order itself. The other thing I find intriguing here is that if December 2nd, as defended in this arguing, would have been okay because the actual date, the first, was on a holiday, you are still taking it out past the time that the order says it expired. And same as with Lutz, it said it expired at a certain time, and you're taking it past there. So there certainly are circumstances where it can go past. Procedurally, if you didn't want to appeal this decision, couldn't you have, for the State, just turned around and reserved the individual and refiled the petition that was previously filed because, as you say, it had new facts and then set it down for hearing after an answer or whatever? Well, the problem with that, obviously, sure, we could have done that. But because you also had a felony charge, which was for the defendant actually violating this order, I mean, this actually didn't come out of the blue. It came out of the fact that she was charged with a violation. Those were the only felonies charged were the violation. In other words, the conduct that resulted in the filing of this new charge, the criminal charge, were not independently violations of any criminal statute. They were just violations of the order itself. For example, harassment, contact, shouting, I forget what the other, beating the horn type of things. Right. Arguably, I mean, there's a lot of different alleged violations, and so to be honest, putting them on a timeline, I know she had prior convictions for violating this, so she certainly knew what she wasn't supposed to do. Some of the contact, for example, walking on somebody's property and starting to videotape, might be trespass. It might be invasion of privacy. There could be other charges that it might have. The point that I was trying to make is there were no independent allegations of criminal wrongdoing. It was just the violation itself. Correct for that. The CF case that was pending before Judge Abramson's. Any other questions? I thought I heard you. Thank you. Okay, thank you. We'll take the case under advisement. There are other cases on the call.